UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT K. RICKS, | ) | 1:15-cv-00715-BAM (PC) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL FOR |
| v. | ) ) | MENTALLY INCAPACITATED |
| C. KAMENA, et al., | ) ) | (ECF No. 12) |
| Defendants. | ) ) ) | |

      Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 4, 2016, Plaintiff filed the instant motion seeking the appointment of counsel.

      As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

1

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff asserts that appointment of counsel is warranted because he is unable to afford counsel; his imprisonment will limit his ability to litigate; he believes the case is complex and he has never litigated a case before; he is no longer housed where the incident took place, and is currently housed at Atascadero State Hospital; he is severely mentally and physically disabled; the case will likely involve conflicting testimony; and he has made repeated efforts to obtain a lawyer without success. (ECF No. 12.) The Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners. Additionally, Plaintiff's assertions of severe mental and physical disabilities are unsupported by any evidence in the record. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **January 6, 2016**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE