# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KAMENA, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00715-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(ECF No. 33)<br><br>ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 32)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Kamena for failure to protect Plaintiff from his cellmate's attack on January 13, 2014, and for deliberate indifference to his serious medical need following the attack. (ECF No. 18.)

**I.　Procedural Background**

On February 24, 2017, Plaintiff filed a motion to amend the complaint solely with respect to damages. (ECF No. 24.) The Court granted the motion on April 19, 2017, and directed Plaintiff to file an amended complaint limited to the revision of his damages claim. (ECF No. 25.) Plaintiff failed to timely file an amended complaint. On June 6, 2017, the Court issued an order

1

to show cause why this action should not be dismissed for failure to obey a court order and failure to prosecute. (ECF No. 26.)

On June 20, 2017, Plaintiff filed a motion to continue proceedings, stating that he believed he did not need to file an amended complaint because Defendant's counsel was aware of his timely motion to amend solely the amount of damages. In addition, Plaintiff stated that his institution refused to provide him with legal materials or access to the law library. (ECF No. 27.) The Court discharged the order to show cause and directed Defendant Kamena to file a response. (ECF No. 28.)

Counsel for Defendant filed a declaration on July 10, 2017, stating that he made no representation to Plaintiff that his acknowledgment of the motion to amend was a substitute for compliance with the Court's order. (ECF No. 29.) Defense counsel further stated that he was informed that Plaintiff had full access to his legal property, had received indigent supplies twice in June 2017, had attended law library on approximately a dozen occasions, and did not attend on approximately a dozen other dates in the same time period. (Id.) Plaintiff did not file a reply.

The Court granted Plaintiff a final opportunity to file a first amended complaint or to affirmatively notify the Court that he wished to proceed only on the damages pled in the complaint filed on May 8, 2015. (ECF No. 30.)

Upon Plaintiff's failure to file a first amended complaint or a response, on September 11, 2017, the Court ordered that this action proceed only on the cognizable claims and damages pled in the original complaint filed on May 8, 2015. (ECF No. 31.)

On October 2, 2017, Defendant Kamena filed a motion for summary judgment on the grounds that Plaintiff's failure to protect and deliberate indifference to medical treatment claims are unsupported by any admissible evidence, and Defendant Kamena is entitled to qualified immunity. (ECF No. 32.) Plaintiff's opposition was due on or before October 26, 2017.

On October 6, 2017, Plaintiff filed the instant motion to amend pleadings without having to file an amended complaint. (ECF No. 33.) Defendant filed an opposition on October 19, 2017. (ECF No. 34.) Plaintiff did not file a reply, and the deadline to file a reply has expired. The motion is deemed submitted. Local Rule 230(l).

2

**II.     Motion to Amend**

In his renewed motion to amend, Plaintiff again asserts his institution refuses to provide him with the legal supplies needed to litigate this action. Plaintiff states that in the twenty months he has been housed at Salinas Valley State Prison, he has been issued exactly two used pens and exactly thirty pages of blank typing paper. In addition, Plaintiff again states that the facility law library does not contain any legal print materials, and only provides duplication services, a stapler, and legal mailing envelopes. Plaintiff argues that it is impossible for him to file an amended complaint. (ECF No. 33.)

In opposition, Defendant argues that Plaintiff has not demonstrated good cause sufficient to explain his failure to comply, for six months, with the Court's order granting leave to amend. In addition, Defendant argues that there is strong evidence of bad faith given that Plaintiff's motion to amend was filed four days after Defendant's motion for summary judgment, and the granting of leave to amend at this time would be prejudicial. (ECF No. 34.)

**A. Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

**B. Discussion**

The Court initially granted Plaintiff's motion to amend the complaint, solely with respect to damages, on April 19, 2017. (ECF No. 25.) In the five months between that order and the Court's September 11, 2017 order that this action shall proceed on the complaint filed May 8,

2015, the Court provided Plaintiff with multiple opportunities to file a first amended complaint. (See ECF Nos. 26, 30.)

While Plaintiff has argued that he was not provided with the paper and pens needed to file a first amended complaint, since the Court's April 19, 2017 order, he has filed a motion to continue proceedings and the instant motion to amend, totaling thirty (30) pages. (See ECF Nos. 27, 33.) Plaintiff's original complaint was twenty-five (25) pages in length. (See ECF No. 1.) Moreover, Plaintiff has stated that the law library, despite its limitations, provides duplication services. (ECF No. 33, pp. 7, 8.) Given the limited nature of the amendment, Plaintiff could have provided the Court with a photocopy of the original complaint, with the alterations noted. Plaintiff did not do so.

In this case, the Court declines to find bad faith. Although Defendant is correct that Plaintiff's renewed motion to amend was docketed four days following the filing of the motion for summary judgment, the proof of service is dated October 1, 2017, one day prior to the motion for summary judgment. Pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions). Thus, contrary to Defendant's assertions, Plaintiff's motion was filed prior to the motion for summary judgment, and the filing does not indicate a dilatory motive.

However, the Court finds that prejudice to the Defendant here warrants the denial of Plaintiff's motion. Plaintiff was provided multiple opportunities and extensions of time to file a first amended complaint, and he has failed to do so. Plaintiff's explanation that he lacks sufficient legal materials to file the amended complaint is unpersuasive. Moreover, the filing of an amended complaint at this juncture would cause undue delay, given the filing of Defendant's motion for summary judgment.

### III. Motion for Summary Judgment

As noted above, Defendant Kamena filed a motion for summary judgment on October 2, 2017. Fed. R. Civ. P. 56; (ECF No. 32.) Plaintiff was provided with notice of the requirements

for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir.1988). (ECF No. 32-1.) Plaintiff's opposition was due within twenty-one (21) days of service of Defendant's motion. More than thirty (30) days have passed, but Plaintiff has not filed an opposition or statement of non-opposition to the motion. Plaintiff also has not otherwise communicated with the Court regarding the pending motion for summary judgment.

**IV. Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend his complaint, (ECF No. 33), is DENIED;
2. Pursuant to Local Rule 230(l), Plaintiff is DIRECTED to file an opposition or a statement of non-opposition to Defendant's motion for summary judgment (ECF No. 32) within **thirty (30) days**; and
3. **Plaintiff is warned that the failure to comply with this order will result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated: **November 7, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE