1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT K. RICKS,                            No.  1:15-cv-00715-DAD-BAM (PC)

12                 Plaintiff,

13        v.                                     ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS AND DISMISSING
14    C. KAMENA, et al.,                         CERTAIN CLAIMS AND DEFENDANTS

15                 Defendants.                   (Doc. No. 44)

16

17

18        Plaintiff Scott K. Ricks is a state prisoner proceeding *pro se* and *in forma pauperis* in this

19   civil rights action pursuant to 42 U.S.C. § 1983.  Defendant Kamena has appeared in this action,

20   while defendants Gonzalez, Davis, Alfaro, Briggs, and Angulo have not.

21        On July 6, 2016, the assigned magistrate judge screened plaintiff's complaint and found

22   that it stated a cognizable claim against defendant Kamena for the failure to protect plaintiff from

23   his cellmate's attack as he was attacked, and for deliberate indifference to plaintiff's serious

24   medical need following the attack, in violation of the Eighth Amendment.  (Doc. No. 16.)  After

25   plaintiff notified the court that he wished to proceed only on the claims found cognizable by the

26   magistrate judge in the screening order, the magistrate judge dismissed all other claims and

27   defendants from this action.  (Doc. Nos. 17, 18.)  Thereafter, this case has proceeded on

28   plaintiff's Eighth Amendment claims against defendant Kamena.

                                                1

On January 30, 2018, the assigned magistrate judge re-screened plaintiff's complaint, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as plaintiff did here, where not all defendants, including those who have yet to appear in the action, had so consented. (Doc. No. 44.) Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss the claims previously found not to be cognizable. (*Id.*) The parties were given fourteen days to file objections to those findings and recommendations. The parties did not file any objections, and the time in which to do so has now expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of the case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly, it is hereby ordered as follows:

1. The findings and recommendations issued on January 30, 2018 (Doc. No. 44) are adopted in full;

2. Plaintiff's claims against defendants Gonzalez, Davis, Alfaro, Briggs, and Angulo are dismissed from this action for the failure to state a claim upon which relief may be granted;

3. Defendants Gonzalez, Davis, Alfaro, Briggs, and Angulo are dismissed from this action due to plaintiff's failure to state any cognizable claims for relief against them; and

4. This action proceeds solely on the claims against defendant Kamena for the failure to protect plaintiff from his cellmate's attack as he was attacked, and for deliberate indifference to plaintiff's serious medical need following the attack, in violation of

/////

/////

/////

the Eighth Amendment, as alleged in the complaint, those claims having been found to be

cognizable in the magistrate judge's prior screening orders (Doc. Nos. 16, 44).

IT IS SO ORDERED.

Dated: __**February 26, 2018**__ 

_____
UNITED STATES DISTRICT JUDGE