# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>KAMENA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00715-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 46) |

Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Kamena for the failure to protect Plaintiff from his cellmate's attack as he was attacked, and for deliberate indifference to Plaintiff's serious medical need following the attack, in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed March 30, 2018. (ECF No. 46.) Plaintiff asserts that appointment of counsel is warranted because he is unable to afford counsel, while Defendant is represented by the Attorney General of California; his imprisonment will limit his ability to litigate; he believes the case is complex and he has never litigated a case before; he lacks access to written or printed legal research materials; he is no longer housed at the facility where the incident took place; he is severely mentally and physically disabled; the case will likely involve conflicting testimony; and he has made repeated

1

efforts to obtain a lawyer without success. (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, including the attached exhibits relating to Plaintiff's physical and mental disabilities, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff stated a cognizable claim against Defendant Kamena, the fact that Plaintiff has passed this low bar has not yet shown the Court that he is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claims have a likelihood of being ultimately successful.

Finally, based on a review of the limited record in this case and after review of attached exhibits, the Court does not find that Plaintiff cannot adequately articulate his claims. In fact, the

record demonstrates that Plaintiff is able to prepare and file documents that clearly set forth his contentions and cite to legal authorities, without any apparent assistance. (ECF Nos. 3, 9, 12, 17, 24, 27, 33, 39, 40, 42, 43, 46.)

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 46) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 3, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE