# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAMENA, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00715-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE<br><br>(ECF No. 49) |

Plaintiff Scott K. Ricks ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Kamena for the failure to protect Plaintiff from his cellmate's attack as he was attacked, and for deliberate indifference to Plaintiff's serious medical need following the attack, in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for change of venue to local jurisdiction, filed July 6, 2018. (ECF No. 49.) Defendant Kamena filed an opposition on July 16, 2018. (ECF No. 50.) Plaintiff did not file a reply, and the time in which to do so has expired. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff states that he will be released from prison on August 3, 2018. (ECF No. 49.) Plaintiff further states that he will reside in San Bernardino County, and will be relying on public transportation. In addition, he lacks the finances to physically appear at court proceedings in Fresno. As such, Plaintiff requests that this action be transferred to his local jurisdiction, which is the United States District Court for the Central District of California. (Id.)

1

1     In opposition, Defendant contends that Plaintiff's motion is premature, specifically noting the pending motion for summary judgment, (ECF No. 32), which may be dispositive of this action. (ECF No. 50.) Further, Defendant argues that venue in the Eastern District remains proper, despite Plaintiff's indigent status, due to the convenience of potential witnesses and the Eastern District's greater local interest in this matter. (Id.)

    "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

    The events at issue here occurred at North Kern State Prison ("NKSP") in Kern County, which is located within the boundaries of the Eastern District of California. The sole defendant in this action is Defendant Kamena, who remains employed at NKSP. Plaintiff has failed to demonstrate that this action could have been brought in the Central District of California in the first instance, as there is no indication that Defendant Kamena "resides" in, or that any of the events giving rise to this suit have taken place in, the Central District.

    Accordingly, venue is appropriate in this district, and Plaintiff's motion for transfer of venue, (ECF No. 49), is HEREBY DENIED.

IT IS SO ORDERED.

    Dated: **August 6, 2018**         /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE