| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| SCOTT K. RICKS, | No. 1:15-cv-00715-DAD-BAM |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| C. KAMENA, | |
| Defendant. | (Doc. No. 63) |

Plaintiff Scott K. Ricks has been proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss for failure to prosecute. (Doc. No. 63.) The court finds this motion suitable for decision without oral argument pursuant to Local Rule 230(g).

On April 18, the assigned magistrate judge issued an order to show cause why this action should not be dismissed due to plaintiff's failure to comply with a court order and failure to prosecute this action. (Doc. No. 62.) The magistrate judge noted that plaintiff had failed to timely file a pretrial statement in this case and had failed to communicate to the court his reasons for delay. (*Id.* at 1–2.) The magistrate judge ordered plaintiff to respond to that order within fourteen days, but to date, no response to the order to show cause has been filed by plaintiff.

/////

/////

1

In addition, a telephonic trial confirmation hearing was scheduled before the undersigned on May 6, 2019. Although plaintiff was advised via the scheduling order and by subsequent minute order of the date and time of this hearing, plaintiff did not appear at the hearing telephonically or in person. (Doc. Nos. 55, 65.)

Before dismissing a case for failure to prosecute, district courts must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). The court addresses each in turn.

The first factor strongly favors dismissal here. This action has now been pending before the court for over four years, and under the operative scheduling order, trial is not slated to commence until July of this year. Permitting this case to proceed would greatly prolong that timeline, because plaintiff would be required to file a pretrial statement, which he has failed to do as required by prior order, after which a second telephonic trial confirmation hearing would be held, with the jury trial occurring months thereafter.

The second factor also favors dismissal in this case. The docket of the Eastern District is one of the most heavily burdened in the country, as it has been for many years. The judges in this district must devote their scarce resources to parties who actively litigate their claims. Through his actions, plaintiff has repeatedly demonstrated that he is unwilling to do so.

Permitting this case to proceed despite plaintiff's failure to prosecute would also prejudice defendant. Here, defendant is plainly prejudiced by plaintiff's failure to submit a pretrial statement, because defendant cannot determine which exhibits and witnesses plaintiff intends to rely on at trial. *See In re PPA Prods. Liab. Litig.*, 460 F.3d 1227 ("Failing to produce documents as ordered is considered sufficient prejudice."). In addition, as in all cases, [u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). This factor therefore also favors dismissal of this action.

The court acknowledges that, as the Ninth Circuit has instructed, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228. Ultimately, however, this case cannot proceed to a trial unless plaintiff takes the necessary steps. Although the court has been quite accommodating to plaintiff in light of his *pro se* status, a merits determination appears foreclosed by plaintiff's apparent abandonment of this case. *See id.* (noting that "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction").

Finally, the fifth factor also favors dismissal here. Despite noting plaintiff's failure to timely file a pretrial statement, the telephonic trial confirmation hearing remained on calendar, offering plaintiff an opportunity to telephonically appear and explain to the court why he has not complied with the court's orders. As stated, plaintiff was also given an opportunity to respond to the magistrate judge's order to show cause, but failed to do so. With respect to alternative sanctions, plaintiff, who is proceeding *in forma pauperis* in this matter, likely would not have the ability to pay monetary sanctions even if the court were to impose them. Accordingly, the court can conceive of no viable alternative but to dismiss this case.

For these reasons,

1. Defendant's motion to dismiss due to plaintiff's failure to prosecute this action (Doc. No. 63) is granted; and

2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**May 7, 2019**__

　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3